# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PREST,<br><br>                         Plaintiff,<br>vs.<br>JULIE JERMSTAD, ANDERS JERMSTAD,<br><br>                         Defendants. | CASE NO. 07cv1771 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for an Order Requiring Payment of Costs in Previously-Dismissed Action and Staying Further Proceedings (Doc. # 15).

## **Background**

In October 2005, Plaintiff Jeffrey Prest ("Prest") filed a lawsuit in state court against Defendant Julie Jermstad ("Jermstad") alleging that he suffered injuries as a result of being exposed to toxic levels of lead while living in a house he rented from Jermstad. *Mot. for Costs,* p. 1. Prior to the state court trial, Prest sought leave to add Jermstad's son, Anders, as an additional party defendant. The state court denied the motion, finding that Prest was unjustifiably delayed in bringing the motion. *Id.* at 3. Prior to the state court trial, Prest also moved for an order permitting him to add a newly discovered expert linking Prest's alleged injuries to lead. The state court denied the motion, finding that Jermstad would be substantially prejudiced by adding the expert just prior to trial. *Id.* On September 5, 2007, counsel for Jermstad received a letter stating that Prest would voluntarily dismiss his state

court action and re-file the matter in federal court based on the state court's denial of Prest's motion to add Anders as an additional party defendant and add the newly discovered expert. *Id.* On or about September 6, 2007, the state court entered the voluntary dismissal of Prest's action. *Id.* Following dismissal, Jermstad moved the state court for an award of attorneys' fees and costs incurred in connection with the state court action. On December 7, 2007, the state court awarded Jermstad $11,574.00 in costs and $95,550.00 in attorneys' fees.

On September 10, 2007, Prest initiated the above-captioned action by filing a complaint which asserts the same claims as those asserted in the state action and names Anders Jermstad as a party defendant (Doc. # 1).

On January 3, 3008, Jermstad filed the Motion for an Order Requiring Payment of Costs in Previously-Dismissed Action and Staying Further Proceedings ("Motion for Costs"). Jermstad requests that the Court order Prest to pay Jermstad $39,487.25 for reasonably-incurred attorneys' fees and unusable costs of the previously-dismissed state court action, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Jermstad also requests that the Court stay the case until Prest has paid the award of costs and attorneys' fees, pursuant to Rule 41(d).

## **Analysis**

In support of the Motion for Costs, Jermstad states that she was a named defendant in the state action and is also a named defendant in the federal action, and that the claims alleged in both cases are identical. Jermstad states that she incurred significant expenses in defending the state court action, "a good portion of which will not contribute to her defense" in the federal action. *Mot. for Costs,* p. 5; *Reply,* p. 6. Jermstad states that "Prest dismissed the state court action in an admitted effort to obtain an unfair advantage over Jermstad by having his case heard in a more favorable forum." *Id.* Jermstad states that Prest fails to adequately demonstrate his lack of resources to pay an award of costs and fees. Jermstad requests that the Court order Prest to pay the costs incurred in the previously-dismissed state court action, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Jermstad contends that her reasonably-incurred attorney's fees should be included in an award of costs

made pursuant to Rule 41(d). Jermstad contends that "the fact that Jermstad received a state court award of costs and attorneys' fees is irrelevant to this motion," and that "[a]ny overlap between the costs and fees awarded in the state court action and the costs and fees sought by this motion is immaterial to an appropriate" Rule 41(d) analysis. *Reply,* p. 5-6. Jermstad requests that the Court stay this action until Prest has paid any costs and fees imposed by the Court pursuant to Rule 41(d).

Prest contends that his voluntary dismissal of the state action and filing of the federal action "was neither forum-shopping nor in bad faith" because the "dismissal was wholly a consequence of the eleventh-hour discovery of new expert opinion of potentially great importance," which "came to plaintiff's attention too late to be included in the state court proceeding." *Opposition,* p. 5. Prest also states that the state court "denied plaintiff's motion because to have granted it would have pushed the case beyond the two-year trial limit imposed by state law on the Superior Court." *Id.* Prest also contends that an award of fees and costs is inappropriate because Jermstad has already been awarded attorneys' fees and costs incurred in the state action, and Jermstad has failed to show that she seeks an award of fees unrelated to the fees in the state action. *Id.* at 6-7. Prest contends that Jermstad's request for a stay should be denied because "Plaintiff lacks the resources to pay either the costs sought by defendant or the fees sought by defendant" such that "[s]taying the action until those costs and fees were paid would effectively end the case." *Id.* at 7.

Rule 41(d) of the Federal Rules of Civil Procedure provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of the previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Rule 41(d) "conveys broad discretion on federal courts to order stays and payment of costs" and "neither is mandatory." *Esquivel v. Arau,* 913 F. Supp. 1382, 1386 (C.D. Cal. 1996). Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Chien v. Hathaway,* 1994 U.S. App. LEXIS 3365 (9th Cir.) (quoting *Simeone v. First Bank Nat'l Ass'n,* 971 F.2d 103, 108 (8th Cir. 1992). As a general rule, a

1 court may refuse to order a stay pending the payment of costs "'if it appears that there was a
2 good reason for the dismissal of the prior action or that the plaintiff is financially unable to pay
3 the costs.'" *Zucker v. Katz,* 708 F. Supp. 525, 539 (S.D.N.Y. 1989) (quoting 9 C. Wright &
4 A. Miller, Federal Practice and Procedure § 2375 at 244 (1971)).

5      In opposition to the Motion for Costs, Prest submitted the declaration of his attorney,
6 Michael W. Palmer (Doc. # 18). Palmer attests that there was good reason for dismissing the
7 state court action. Palmer attests:

> 8 Shortly before the state court action was to come to trial, we discovered an expert witness who could provide important testimony relating to the causation
> 9 of plaintiff's injuries, and to his damages. We immediately sought leave to amend our expert witness list and offered to make the prospective witness
> 10 immediately available for deposition, at our expense. Leave was denied . . . . We had simply come across this witness too late in the day.
>
> 11
> 12 My co-counsel and I decided that the testimony of the prospective witness was sufficiently important that we should dismiss the state case, and re-file in federal court, where we would be free to name the witness *ab initio.* . . .
> 13
> 14 Our wish to secure the testimony of this new expert was the only reason that we dismissed the state case.

15 Palmer Decl., p. 2. Prest attests that he is financially unable to pay the fees and costs requested
16 by Jermstad. Prest attests:

> 17 I do not have resources to pay [the costs and fees requested by Jermstad], nor is it likely that I will have the means to do so in the foreseeable future. My savings
> 18 have been exhausted. For the past two years, and at the present time, my sole source of income has been disability payments of slightly more than $1,000 per
> 19 month . . . .
>
> 20 If the court orders me to pay either the costs or fees that defendant seeks, and also stays this action until such amounts are paid, that will be tantamount to
> 21 deciding that this action will never proceed.

22 Prest Decl., p. 2.

23      Prest has provided good reason for voluntarily dismissing the state action and refiling
24 in federal court. Prest has also demonstrated that he is financially unable to pay the fees and
25 costs incurred the state court action. The Court concludes that Prest's conduct does not
26 constitute vexatious litigation or forum shopping. The Court also notes that the state court has
27 already awarded Jermstad fees and costs incurred in the state court action. The Court declines
28 to exercise its discretion under Rule 41(d) to order Prest to pay the costs of the previous state

court action and stay the proceedings until Prest has complied.

## Conclusion

IT IS HEREBY ORDERED that the Motion for an Order Requiring Payment of Costs in Previously-Dismissed Action and Staying Further Proceedings (Doc. # 15) is **DENIED.**

DATED: May 7, 2008

**WILLIAM Q. HAYES**
United States District Judge